ROLAND MOLINARO, Respondent, v PAUL FREZZA, Appellant.

Fourth Department, October 24, 1975

*Blumberg & Blumberg (Henry D. Blumberg* of counsel), for appellant.

*Fiesinger, Rose & Fiesinger (Edward J. Rose* of counsel), for respondent.

MARSH, P. J. This is an appeal by defendant from a judgment which granted plaintiff's motion for summary judgment.

Plaintiff asserts in an affidavit supporting his motion that he entered into a contract with defendant for the purchase of 500 shares of common stock in Computer Digital Systems (Computer) for the sum of $375. He avers that the defendant represented to him that the corporation was viable and that the common stock was going to be offered for a public sale. Plaintiff paid defendant the $375 for the stock but he did not receive the certificates although demand was made of defendant for them. Attached to plaintiff's affidavit is a copy of the agreement between plaintiff and defendant with respect to the stock purchase:

To Whom It May Concern:

In consideration of $375.00 paid to me by Ronald Molinaro, I promise to deliver to Ronald Molinaro the. amount of Five hundred shares of common stock of Computer Digital Systems.

1. Delivery of the above shares to be within approximately two (2) weeks following the date that the common stock of Computer Digital Systems stock is offered for general public sale or when permission for such transfer is obtained from the corporation directors.

2. Ownership occurs at the date of full payment for the shares indicated although the actual date of transfer will occur at a future date. Reference: Note 1 above.

3. All corporate(s) and/or associate(s) transactions which affect the quantity and/or content of each of indicated shares are to be included with the stock at the time of transfer.

4. Copies of this agreement signed by both parties to the agreement shall be placed in the. safe of Paul Frezza, 8 William Street, St. Johnsville, N.Y.

(Signed) Ronald A. Molinaro
(Date)                7/29/69

(Signed) Paul Frezza
(Date)                7/29/69

(Sign both . . return original)

In his answer defendant asserts as an affirmative defense that in the agreement of July 29, 1969 he was acting as agent for plaintiff in obtaining stock from Computer Digital Systems, a Pennsylvania corporation. As a further defense defendant asserts that an implied condition of the contract was that Computer Digital Systems would make a public offering of its common stock or that it would grant permission for the transfer on its books of its stock to plaintiff and that defendant had not obtained stock from Computer Digital Systems issued in plaintiff's name.

Defendant's affidavit in opposition to plaintiff's summary judgment motion avers that in July, 1969 he was an employee of Computer Digital Systems, Inc., a Pennsylvania corporation located at Norristown, Pennsylvania, which corporation was attempting to market a computer known as a Computer Column Reader. Defendant told his friends and relatives about the possibilities for investment opportunities in the corporation and conveyed to them the fact that the company was going to issue "letter stock" at 75 cents per share. As a result of making this information available, he was requested to purchase 50,000 shares of stock for 58 friends and relatives at 75 cents per share. Through a mutual friend plaintiff requested defendant to purchase 500 shares of such securities and defendant placed plaintiff's name on the list of purchasers. Defendant sent a cashier's check in the amount of $37,500 to Computer dated July 28, 1969 with a list of all the persons purchasing stock and the amount of each person's individual purchase. Defendant obtained from Computer a stock certificate in the amount of 50,000 shares of class A common stock which represented all the purchases for the 58 persons requesting to participate in the venture and it included defendant's own $1,500 investment in 2,000 shares. Computer requested defendant to give each purchaser a receipt made out to each purchaser with the amount of such purchaser's share being held by defendant in the 50,000 share block, and defendant did so. All such receipts were issued and dated July 29, 1969. The receipt took the form of the four paragraph agreement referred to above which is signed by plaintiff and defendant.

Defendant avers that he received no compensation of any kind for acquiring the stock for the 58 persons, either from Computer or the individual purchasers. He further asserts that he never solicited any person for the purchase of stock

but, to the contrary, all 58 persons requested to be permitted to participate in the investment opportunity and to have shares allotted to them by defendant. On many occasions subsequent to the issuance to defendant of the certificate representing the 50,000 shares, defendant asked Computer to issue individual certificates to each purchaser, but the corporation neither issued such individual certificates nor responded in any way to defendant's communication for such individual issues. At some time subsequent to July 29, 1969 Computer became defunct and was dissolved, and defendant has since been unable to locate any of the officials of the defunct corporation.

Special Term granted plaintiff rescission of the contract, thus returning him to his position prior to entering into the contract by returning the full purchase price.

Plaintiff poses the legal problem as one of failure of consideration. He argues that he has paid $375 for 500 shares of common class A stock of Computer; that defendant agreed to deliver shares issued in plaintiff's name within two weeks after (1) a public offering of Computer's stock is made or (2) permission of the board of directors of Computer to issue individual certificates to plaintiff and others similarly situated. Plaintiff reasons that while the agreement states no time within which either (1) or (2) should occur, thus triggering defendant's duty to deliver within two weeks, a reasonable time after the execution of the agreement should be implied. A reasonable time has already passed since July 29, 1969 and defendant has failed to deliver the stock. Computer failed to issue the individual separate certificates, which failure constituted a breach of the agreement which went to the heart of the benefit bargained for, thus permitting plaintiff to rescind the contract and be returned to his position prior to its execution.

Defendant on the other hand asserts that he was merely plaintiff's agent for the purchase of the stock, acting gratuitously. He turned over all funds collected from the 58 purchasers to Computer, received the total amount of the stock purchased by all 58 investors and held it in a block for such investors just as he agreed to do until such time as the corporation went public or the board of directors permitted the issuance of individual certificates. He in no way breached the agreement or violated his fiduciary obligation as agent for the 58 investors and defendant's only remedy is against Com-

puter. In fact, defendant asserts that what plaintiff complains about is not the failure to obtain an individually issued certificate but the dissolving of Computer which rendered plaintiff's investment valueless.

Not having agreed in any way to guarantee plaintiff's investment, defendant is not liable for the investment simply because it became worthless. The nature of the transaction as outlined by defendant appears to accord with the written agreement, particularly paragraph 2 which provides for ownership upon the full payment of the shares although the date of actual transfer should take place later. The contract did not contemplate immediate issuance of individual certificates. It did contemplate ownership in plaintiff immediately upon payment for the shares and defendant held a fungible block of securities allocated by individual receipts for all 58 investors. The contract spells out that which section 8-313 of the Uniform Commercial Code provides, that a purchase by a broker for a customer vests title in the customer upon the delivery of the certificates to the broker.

While stock may be issued in a private placement by a corporation without registration under the Federal Securities Act of 1933 (U.S. Code, tit. 15, § 77a *et seq.*), as was done here in the issuance of the stock certificate to defendant, the Federal Securities Act prohibits a public offering of stock unless it is registered by a corporation with the Securities and Exchange Commission accompanied by a complete statement of the corporation's financial condition. After registration and approval a public offering may then be made. In the absence of such registration, the SEC may enjoin any public offering of the stock. The issuer, Computer, could not lawfully issue certificates and register an owner on its stock book and transfer ledger unless it had an opinion letter from counsel to the SEC permitting such re-registration where the securities were part of an issue not registered with the SEC (see Uniform Commercial Code, § 8-401).

Not only did the contract contemplate no issuance of individual certificates registered in plaintiff's name until a proper public offering was made or the directors approved such transfer, which would mean that the directors had received permission by the SEC by an opinion letter, but a suit to compel registration would be prohibited by the Securities Act of 1933 (11 Houston L. Rev. 1006 and n. 60).

Plaintiff was not entitled to demand delivery of individual

certificates as the contract did not contemplate such delivery upon demand and the Securities Act of 1933 prohibits such re-registration without compliance with its terms.

Under the circumstances here shown any failure of the corporation to effect a lawful transfer of a certificate of its stock to plaintiff is not chargeable to defendant as a violation of his contract with plaintiff.

The judgment appealed should be reversed and summary judgment granted defendant dismissing the complaint.

MAHONEY, GOLDMAN, DEL VECCHIO and WITMER, JJ., concur.

Judgment unanimously reversed, with costs, and summary judgment granted defendant dismissing the complaint.